# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

|  |  |  |
|---|---|---|
| IN RE: | ) ) ) ) ) ) | CHAPTER 7<br><br>CASE NO. 07-60129 |
| DEBORAH L. SWINT, | ) ) | JUDGE RUSS KENDIG |
| Debtor. | ) ) ) ) ) | **MEMORANDUM OF OPINION (NOT INTENDED FOR PUBLICATION)** |

This matter is before the court on Debtor's Application for Waiver of the Chapter 7 Filing Fee (hereinafter "Application") filed on January 18, 2007. On January 22, 2007, the court entered an order requesting Debtor file additional documentation to allow the court to fully assess her current financial condition. Debtor complied with the order and submitted the requested documents on March 6, 2007.

Following passage of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, debtors are permitted to seek a waiver of the bankruptcy filing fee. Pursuant to 28 U.S.C. section 1930(f), a "bankruptcy court may waive the filing fee...if the court determines that such individual has less than 150 percent of the income official poverty line...applicable to a family of the size involved and is unable to pay that fee in installments." By the terms of the statute, a court's ability to waive the fee is permissive, not mandatory ("may waive"), and waiver must be premised upon a finding that a debtor meets the income and inability to pay in installments criteria.

The court will first determine whether Debtor's income is 150 percent of the poverty level. In her application for waiver of the chapter 7 filing fee, Debtor lists her family size at three. Therefore, the court will utilize the calculations based on a family size of three. According to the Department of Health and Human Services 2007 Poverty Level Guidelines, available at http://aspe.hhs.gov/poverty/07poverty.shtml, the poverty income for a family of three is $17,170. At 150 percent of poverty, the poverty income is $25,755 annually or $2,146.25 per month.

Form B22A (the "means test") indicates Debtor's Annualized Current Monthly Income is $30,372 which is based on a monthly gross income of $2,531. However, given the information

1

provided on Schedule I and Debtor's employee income records, this number appears to be incorrect. On Schedule I, Debtor lists her gross monthly income at $3,300. Thus, based upon Schedule I, Debtor's gross yearly income is $39,600. Debtor's pay stubs corroborate the gross yearly income number provided on Schedule I. The pay stubs indicates that Debtor has a gross income of $825.48 weekly from her position at Buehler's. The pay stubs submitted cover the last pay period of the year and indicate that Debtor's gross income for 2006 was $39,995.06. Accordingly, if the court applies the correct number ($3,300) to Line 3 of Form B22A, Debtor's annualized current monthly income increases to $39,600. The court finds that the information provided in Debtor's employee income records more accurately reflects Debtor's income.

Though Debtor submitted her 2005 tax return, it is not particularly helpful in this situation, as Debtor indicates on Schedule I that she has held her current position for eleven months. Debtor's most recent pay stubs and Debtor's Schedule I clearly indicate that Debtor earns more than $25,755, or 150% of poverty. Debtor therefore fails to meet the first prong of the test for proceeding *in forma pauperis*.

Debtor's failure to meet the first prong is fatal to the motion to wavie the filing fee, as it is necessary to prove both the first and second prongs to successfully have the filing fee waived. Since the first prong has not been satisfied, the court will not address the second prong.

In light of the above, the court hereby **DENIES** Debtor's application to waive the filing fee. Debtor is permitted to pay the filing fee in installments every month until the fee is paid in full.[1] The first payment is due on **March 30, 2007**. Because Debtor still owes $89.00 in Case No. 06-62593, the clerk will apply the installment payments to that case first. After the filing fee of 06-62593 is paid the full, the clerk will apply the installment payments to the present case. Due to the unpaid fees in the 2006 case, the fifth installment payment is higher than the first four payments. Debtor shall bring either the exact amount of cash or a money order, payable to Clerk, United States Bankruptcy Court, to the clerk's office OR mail a money order, payable to Clerk, United States Bankruptcy Court, to the clerk's office. Failure to pay the filing fee in accordance with this order will result in dismissal of this case.

An order in accordance with this decision shall be issued immediately.

/s/ Russ Kendig
Judge Russ Kendig
U.S. Bankruptcy Judge    MAR 1 9 2007

---

[1] The payment schedule is as follows:
    March 30, 2007: $75.00
    April 30, 2007: $75.00
    May 31, 2007: $75.00
    June 30, 2007: $75.00
    July 31, 2007: $88.00

2

## Service List

Deborah L. Swint
3574 Melrose Dr.
#I-3
Wooster, OH 44691

Anthony DeGirolamo
Courtyard Centre, Suite 625
116 Cleveland Ave., N.W.
Canton, OH 44702